IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRENCE GRAHAM, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 22-1704 |
| | ) | |
| v. | ) | District Judge W. Scott Hardy |
| | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| A.U.S.A. JEROME MOSCHETTA, | ) | |
| DOROTHY CURRY, and OFFICE OF | ) | |
| THE DISTRICT ATTORNEY OF | ) | |
| WASHINGTON COUNTY, PA, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

This matter comes before the Court on Plaintiff's Objections (Docket No. 5) to the Report and Recommendation ("R&R") of Magistrate Judge Maureen P. Kelly entered on December 21, 2022. (Docket No. 4). The R&R recommends dismissing Plaintiff's Complaint (Docket No. 1) *sua sponte* pursuant to 28 U.S.C. § 1915A(b) as frivolous, malicious, or for failure to state a claim on which relief may be granted, and further recommends that such dismissal be without prejudice to refiling should Plaintiff be able to demonstrate a favorable termination of his criminal conviction. (Docket No. 4 at 1, 6). Service of the R&R was made on Plaintiff by mail, and he was informed that any objections to same by unregistered CM/ECF users were due by January 9, 2023. (Docket No. 4).

On January 13, 2023, Plaintiff filed his Objections. (Docket No. 5). On January 23, 2023, Plaintiff filed a Motion to Preclude Procedural Default in which he explains that the filing of his

Objections was delayed due to circumstances beyond his control and requests that the Court accept his Objections as timely filed. (Docket No. 6). Because the Court has, in fact, considered Plaintiff's Objections here in conjunction with its review of Judge Kelly's R&R, the Court will deny Plaintiff's Motion to Preclude Procedural Default as moot.[1]

In his Objections to the R&R, Plaintiff objects to the recommendation that the Court dismiss his claims, brought pursuant to 42 U.S.C. § 1983, alleging violations of his right to due process under the Fourteenth Amendment of the United States Constitution, as well as his right of access to the courts under the First Amendment. Plaintiff's claims here are based on allegations that Defendants failed to produce exculpatory evidence in underlying state criminal and post-conviction proceedings in the Court of Common Pleas of Washington County, Pennsylvania, in violation of court orders requiring them to do so. According to Plaintiff, Judge Kelly incorrectly interpreted his Complaint as, in essence, challenging his confinement and seeking the termination of his sentence or confinement, and thus as being barred by the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). (Docket Nos. 5 at 3-4; 4 at 4-6). Plaintiff argues that his claims request the Court's intervention to compel Defendants to produce pre-trial discovery items that Plaintiff could have used in connection with his first Post-Conviction Relief Act Petition, which was ultimately denied. (Docket No. 5 at 5). Plaintiff contends that the Court's granting of such relief would not invalidate his conviction or provide him with speedier release from confinement, and thus is not barred by *Heck*. (*Id.*).

---

[1] On December 1, 2022, when Plaintiff filed his Complaint in this matter, he also filed a "Motion for U.S. Marshal[] Service to Effectuate Service" (Docket No. 3). Because the Court is dismissing Plaintiff's Complaint, *see infra*, his motion requesting service of the Complaint will be denied as moot.

In resolving a party's objections, the Court conducts a *de novo* review of any part of the R&R that has been properly objected to. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the recommended disposition, as well as receive further evidence or return the matter to the magistrate judge with instructions. *See id.* Upon careful *de novo* review of Plaintiff's Complaint, the R&R, and Plaintiff's Objections, the Court concludes that the Objections do not undermine the R&R's recommended disposition.

In so finding, the Court agrees with Judge Kelly's conclusion that Plaintiff's claims, alleging denial of his Constitutional rights in his underlying criminal case due to Defendants' actions, call into question the validity of his criminal conviction. *See Heck v. Humphrey*, 512 U.S. at 486-87 (explaining that when a plaintiff seeks damages in a Section 1983 suit, if a favorable result in that action would necessarily imply that his past conviction or sentence was invalid, then such action must be dismissed unless the plaintiff can demonstrate that such conviction or sentence has already been invalidated); *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying the logic of *Heck* to suit seeking declaratory and injunctive relief); *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (noting that a state prisoner's Section 1983 suit is barred (unless previously invalidated) no matter the relief sought (including equitable relief) and no matter the target (including state conduct leading to conviction), if success would necessarily demonstrate the invalidity of confinement or its duration). (Docket No. 4 at 4-5). More specifically, the Court agrees that a finding in Plaintiff's favor here – that Defendants failed to produce exculpatory evidence – would necessarily call into question the validity of Plaintiff's conviction, *see Breakiron v. Horn*, 642 F.3d 126, 133 (3d Cir. 2011) (explaining the requisite factors of a *Brady* violation). (Docket No. 4 at 5). Further, as Judge Kelly notes, Plaintiff does not allege that he ever received

3

a favorable termination of his criminal case. (*Id.*). Therefore, the Court agrees with Judge Kelly's finding that entering a judgment in Plaintiff's favor on his claims is barred by the Supreme Court's holding in *Heck*, 512 U.S. at 477. (*Id.* at 5-6). Additionally, the Court agrees with Judge Kelly's recommendation that Plaintiff should be granted leave to refile his claims if he is able to demonstrate a favorable termination of his criminal conviction.[2] (*Id.* at 6).

Accordingly, the Court enters the following Order:

AND NOW, this 27th day of April, 2023,

IT IS HEREBY ORDERED that Plaintiff's Objections to the R&R (Docket No. 5) are OVERRULED, and the R&R (Docket No. 4) is ADOPTED as the Opinion of the Court.

IT IS FURTHER ORDERED that Plaintiff's Complaint (Docket No. 1) is DISMISSED pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim on which relief may be granted. Such dismissal is WITHOUT PREJUDICE to refiling should Plaintiff be able to demonstrate a favorable termination of his criminal conviction, as more fully set forth in the R&R.

IT IS FURTHER ORDERED that Plaintiff's Motion for Service by U.S. Marshal (Docket No. 3) and Motion to Preclude Procedural Default (Docket No. 6) are both DENIED AS MOOT.

The Clerk of Court shall mark this case closed.

*/s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: Terrence Graham (via U.S. Mail)

---

[2] Judge Kelly indicated in the R&R that Plaintiff filed in state court a second petition for post-conviction relief and a motion for discovery, and that Plaintiff also has a pending federal habeas petition that has been stayed while he exhausts his claims in state court via the second post-conviction proceedings. (Docket No. 4 at 2).